# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ROY C. STRAUGHAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 619), filed by the defendant, Roy C. Straughan. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Straughan was found guilty of a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. (Filing No. 337.) The Eighth Circuit Court of Appeals affirmed Straughan's conviction and sentence. (Filing No. 556.)

In his § 2255 motion, Straughan raises the following arguments: 1) although captioned as an argument relating to government misconduct infringing on his right to a fair trial, Straughan fashions an argument regarding the alleged ineffective assistance of

defense counsel to ask for a jury instruction requiring the jury to determine the type of cocaine allegedly involved in the offense; 2) while the jury determined that Straughan was responsible for over 50 grams of cocaine base, he was sentenced at an offense level of 38 based on the judge's finding of 3 kilograms of cocaine; and 3) ineffective assistance of counsel for failing to file a petition for writ of certiorari.

## DISCUSSION

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to establish ineffective assistance of counsel, Straughan must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

*Drug Amount*

Straughan was charged with an offense involving cocaine base. The evidence at trial with respect to Straughan involved cocaine base. The jury was properly instructed to find the statutory amount of cocaine base attributable to Straughan, and the Court properly determined a higher drug amount at sentencing since that amount did not exceed the statutory amount involved in the count of conviction. *United States v. Johnston,* 353 F.3d 617, 624-25 (8th Cir. 2003). This claim is denied.

2

*Petition for Writ of Certiorari*

Straughan alleges that he and his attorney agreed that counsel would file a petition for a writ of certiorari but that one was never filed and Straughan was not advised of this fact until after the deadline had expired. If appointed counsel concludes that the issues do not merit the filing of a petition for certiorari, counsel has specific duties as outlined in the Amendment to Part V of the Eighth Circuit Plan to Implement the Criminal Justice Act of 1964. The record is insufficient to show counsel's position on this matter; however, the Court notes that a motion to withdraw was not filed as required if this matter happened as alleged.

Therefore, the United States shall answer this claim, and the Defendant will have the opportunity to respond.

**DRUG AMOUNT DETERMINED AT SENTENCING**

Straughan alleges that the Court improperly determined a drug amount at sentencing higher than the amount found by the jury. As stated above, a Court may determine a higher drug amount at sentencing as long as that amount did not exceed the statutory amount involved in the count of conviction. The Court may do so by a preponderance of the evidence. *United States v. Johnston,* 353 F.3d 617, 624-25 (8th Cir. 2003). This claim is denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 619);

3

2.      Upon initial review, the Court finds that summary dismissal of the Defendant's § 2255 motion is not required;

3.      On or before February 28, 2008, the United States shall file an Answer to the claim alleging that counsel was ineffective for not filing a petition for writ of certiorari or, alternatively, following the appropriate procedures and support its Answer with a brief;

4.      On or before March 28, 2008, the Defendant may file a responsive brief; and

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 28th day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge