# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| ROY C. STRAUGHAN, | ) | |
| Defendant. | ) | |

This matter is before the Court for a decision on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 619), filed by the defendant, Roy C. Straughan. The government filed an Answer and a supporting brief. (Filing Nos. 638, 639.) The Defendant filed a Response. (Filing No. 647.)

## FACTUAL BACKGROUND

Straughan was found guilty of a one-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. (Filing No. 337.) The Eighth Circuit Court of Appeals affirmed Straughan's conviction and sentence. (Filing No. 556.) Straughan timely filed his § 2255 motion. (Filing No. 619.) Upon initial review, the Court ordered the government to answer the claim relating to the alleged ineffective assistance of counsel because counsel did not file a petition for a writ of certiorari. The remaining claims were summarily dismissed.[1] (Filing No. 627.) In his Response, Straughan also

---

[1] However, as noted below, Claim 18 was not addressed.

argues that Bianchi did not file a petition for rehearing as Straughan expected Bianchi to do.[2]

Also in his Response, Straughan points out that the Court did not address one of his eighteen claims in the initial review. In Claim 18, Straughan alleges that counsel was ineffective for failing to argue for a minimal or minor role adjustment. The issue will be addressed below on initial review.

## DISCUSSION

In order to establish ineffective assistance of counsel, Straughan must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

### *Filing of a Petition for Rehearing and a Petition for a Writ of Certiorari*

Straughan alleges that he and his attorney agreed that counsel would file a petition for rehearing and a petition for a writ of certiorari but that neither one was never filed and Straughan was not advised of this fact until after the deadline had expired. A. Michael

---

[2]Attached to the Response is a copy of an Eighth Circuit order allowing Straughan an extension of time until October 23, 2006, to file a petition for rehearing and rehearing en banc. (Filing No. 647, Ex. B.) Also attached is a letter to Straughan from Bianchi in which Bianchi explains his reasoning for not filing either a petition for rehearing or a petition for a writ of certiorari. (Filing No. 647, Ex. C.)

Bianchi served as Straughan's appointed counsel under the Criminal Justice Act. In recently addressing the same issue, the Eighth Circuit explained that the right to trial counsel is guaranteed under the Sixth Amendment, while the right to appellate counsel falls under the Fifth Amendment Due Process Clause. *Steele v. United States,* 518 F.3d 986, 988 (8th Cir. 2008). Due process guarantees one a right to counsel for the initial appeal, but not for purposes of filing a petition for a writ of certiorari. In addition, a right to counsel does not exist for discretionary appeals. *Ross v. Moffitt,* 417 U.S. 600, 610 (1974); *Riley v. Lockhart,* 726 F.2d 421, 423 (8th Cir. 1984). A petition for rehearing falls into the category of discretionary appeals, and therefore Bianchi was not under an obligation to file the petition for rehearing on Straughan's behalf. *Jackson v. Johnson,* 217 F.3d 360, 364 (5th Cir. 2000); *Bianchi v. Perry,* 154 F.3d 1023, 1024 (9th Cir. 1998); *United States v. Coney,* 120 F.3d 26, 28 (3d Cir. 1997); *Lucien v. Welborn,* 46 F.3d 1133, at *4 (7th Cir. 1995). Without a constitutional right to counsel at either the rehearing or certiorari stage, one cannot be deprived of effective assistance of counsel. *Id.*

Therefore, Straughan cannot prove either prong of the *Strickland* test, and the claim that Bianchi was ineffective for failing to file a petition for rehearing and/or rehearing en banc and a petition for writ of certiorari is denied.

***Role Reduction***

This claim is addressed on initial review. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior

3

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Straughan argues that his attorney was ineffective for not arguing that he should have received a minimal or minor role reduction. Straughan's base offense level and adjusted offense level were both 38. He was found to be a career offender, and therefore his total offense level was 38.[3] However, even if counsel had made the argument, because Straughan was determined to be a career offender his offense level could not have been below 37. The guideline range for level 37, applying criminal history category VI,[4] is 360 months to life. Straughan, sentenced with an offense level of 38 and in criminal history VI, was also in a range of 360 months to life. Therefore, a minimal or minor role reduction would not have resulted in a different guideline range. Straughan cannot meet either prong of the *Strickland* test and it plainly appears that he is not entitled to relief on this claim. Claim 18 in the § 2255 motion is summarily denied.

---

[3]Because the offense level was 38, upon the finding that Straughan was a career offender it remained at 38 rather than level 37 which would have applied had his offense level been a level 37 or lower. U.S.S.G. § 4B1.1(b).

[4]Criminal history category VI was applied in light of Straughan's career offender status. U.S.S.G. § 4B1.1(b).

4

## CONCLUSION

For the reasons discussed, the § 2255 motion is denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 619) is denied;

2. Specifically, Claim 18 in the § 2255 motion is summarily denied;

3. A separate Judgment will be filed; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 28th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge