# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:02CR353 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| ROY C. STRAUGHAN, | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (Filing No. 753), filed through counsel.

The Defendant was found guilty after a jury trial of Count I of the Indictment, charging him with conspiring to distribute or possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. On February 7, 2005, the Defendant was sentenced to 360 months imprisonment, based on a sentencing guideline range of 360 months to life. The Defendant was found to be responsible for 3 kilograms of cocaine base. His base and total offense levels were 38, and he was placed in Criminal History Category V.

On August 18, 2008, the Court reduced the Defendant's sentence to 292 months under 18 U.S.C. § 3582(c)(2). His amended base and total offense levels became 36, and therefore his sentencing guideline range was lowered to 292-365 months.

The Defendant now moves for a further sentence reduction under § 3582(c)(2), arguing that he was responsible for only 1.5 kilograms of cocaine base that would now result in base and total offense levels of 34. The Defendant argues that his guideline range should be 235-293 months and his sentence should be 235 months.

"[U]nder § 3582(c)(2), the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range." *United States v. Peters,* 524 F.3d 905, 906-07 (8th Cir. 2008). Therefore, the Court may not revisit the drug quantity attributable to the Defendant and rather must simply apply the recent amendments to the crack cocaine sentencing guidelines. Three kilograms of cocaine base results in a base offense level of 36, the same level applied in 2008. Therefore, the Defendant's guideline range remains at 292-365 months, and he is not entitled to a further reduction in his sentence.

IT IS ORDERED that the Defendant's motion for a sentence reduction (Filing No. 753) is denied.

DATED this 15th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge